IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DONZEL LANHAM<br><br>Defendant. | 8:20CR152<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Government's motion for authorization to make payment from Inmate Trust Account. Filing No. 43. Defendant Donzel Lanham did not request a hearing within twenty days (20) after receiving notice of government's request to turnover his funds. See Filing No. 44.

I. **BACKGROUND**

Following a guilty plea to possession of visual depictions of minors engaging in sexually explicit conduct on October 18, 2021, Defendant was sentenced to 48 months in prison and ordered to pay a special assessment of $100 and restitution in $3,000. Filing No. 41.

On March 25, 2022, the Government moved for authorization to make payment from inmate trust account. Filing No. 43. Upon notification from the Bureau of Prisons

1

(BOP), the Government discovered Defendant's inmate trust account contained $1253.69.  *Id.* at 2.  The Government requests this Court to authorize the BOP to turn over funds in the amount of $1,111.04 from Defendant's account and apply towards his restitution balance, which, as of March 25, 2022, was $1,111.04.  *Id.* at 1.  Upon receiving notice of Government's request, Defendant failed to return a "Claim for Exception Form" or "Request for Hearing" form, which was to be returned twenty days (20) upon receiving notice.

II.   **DISCUSSION**

Although federal courts possess no inherent ability to order restitution, Congress enacted the Mandatory Victims Restitution Act (MVRA) to provide courts with such power. United States v. Balentine, 569 F.3d 801, 802–03 (8th Cir. 2009).  The MVRA permits the court to determine who is a victim of the crime, the victim's actual losses, and how the defendant must pay the restitution to make the victim whole again.  United States v. Frazier, 651 F.3d 899, 905 (8th Cir. 2011).  After a court orders restitution from a criminal defendant, the government can seek civil remedies to satisfy unpaid restitution through the MVRA.  18 U.S.C. § 3612.  The government's enforcement reaches "all property or rights to property of the person fined" except for a narrow list of property not relevant to this inquiry.[1]  18 U.S.C. § 3613(a).

   a.  18 U.S.C. § 3613(a), *Enforcement*

---

[1] Property exempt from enforcement is (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986;" (2) "section 3014 of chapter 176 of title 28;" and (3) "the provision of section 303 of the Consumer Credit Protection Act."  18 U.S.C. § 3613(a)(1)–(3).

2

The government can treat a defendant's restitution as if it were a lien or civil judgment, and use methods laid out in statute, as well as "all other available and reasonable means," to collect. 18 U.S.C. § 3664(m)(1)(A). During a period of incarceration, if a person obligated to pay restitution "receives substantial resources from any source," then they "shall be required to apply the value" of those resources to their remaining restitution balance. 18 U.S.C. § 3664(n).

According to the sentencing report upon judgment, after release from prison, Defendant was required to pay monthly installments of $100 or 3% of his gross income, whichever was greater. Filing No. 41 at 5. The Eighth Circuit has not yet determined whether the Government has the authority under § 3613(a) to collect more than the installment payments set out in the Restitution Order. See United States v. Raifsnider, 846 F. App'x 423, 424 (8th Cir. 2021) (mem.) (reversing district court order because the government "may have lacked" authority under § 3613(a)).

However, both the Fifth and Tenth Circuits have persuasive caselaw that draw a distinction between the government's ability to collect payment for restitution that is immediately due and its ability to collect in excess of the payment plan. Both circuits held that the government can take money from an inmate's trust account when their restitution order includes directing language that the payment is due immediately under § 3613(a). United States v. Hughes, 914 F.3d 947, 949 (5th Cir. 2019), *as revised* (Feb. 1, 2019), *as revised* (Feb. 14, 2019) ("Unless there is language directing that funds are also immediately due, the government cannot attempt to enforce the judgment beyond its plain terms absent a modification of the restitution order or default"). If the court indicated payment *was* due immediately through directing language, then even with a set

3

installment plan, the government can collect from the inmate's trust account. *United States v. Elwood*, 757 F. App'x 731, 735 (10th Cir. 2018) (emphasis added).

For the total restitution, the Court assessed Defendant's ability to pay and provided the following instructions for repayment:

> Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.
>
> [F]ollowing release from prison, the defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $100 or 3% of the defendant's gross income, whichever is greater; (b) the first payment shall commence 30 days following the defendant's discharge from incarceration, and continue until the criminal monetary penalty is paid in full; and (c) the defendant shall be responsible for providing proof of payment to the probation officer as directed.

Filing No. 41 at 8.

Although it appears the Defendant has made several payments to the BOP, he is still responsible for making payment of criminal monetary penalties while imprisoned.

a. 18 U.S.C. § 3664(n), *Substantial Resources*

While federal courts possess no inherent ability to order restitution, Congress enacted the Mandatory Victims Restitution Act (MVRA) to provide courts with such power. *United States v. Balentine*, 569 F.3d 801, 802–03 (8th Cir. 2009). The MVRA permits the court to determine who is a victim of the crime, the victim's actual losses, and how the defendant must pay the restitution to make the victim whole again. *United States v. Frazier*, 651 F.3d 899, 905 (8th Cir. 2011). After a court orders restitution from a criminal defendant, the government can seek civil remedies to satisfy unpaid restitution through

4

the MVRA. 18 U.S.C. § 3612. The government's enforcement reaches "all property or rights to property of the person fined" except for a narrow list of property not relevant to this inquiry.[2] 18 U.S.C. § 3613(a).

After the court makes all the necessary determinations under the MVRA showing what the defendant owes, the statute then provides the government avenues to collect money for the victims. 18 U.S.C.A. §§ 3613, 3664. The government can treat a defendant's restitution as if it were a lien or civil judgment, and use methods laid out in statute, as well as "all other available and reasonable means," to collect. 18 U.S.C. § 3664(m)(1)(A). During a period of incarceration, if a person obligated to pay restitution "receives substantial resources from any source," then they "shall be required to apply the value" of those resources to their remaining restitution balance. 18 U.S.C. § 3664(n). An influx of stimulus funds represents receipt of substantial resources incarcerated that, under 18 U.S.C. § 3664(n) must be applied to outstanding restitution obligations. *United States v. Davis*, No. 3:14-CR-47 JD, 2021 WL 2678765, at *1 (N.D. Ind. June 30, 2021). Section 3664(n) does not apply to prison wages. *United States v. Kidd*, No. 20-2616, 2022 WL 90206, at *4 (8th Cir. Jan. 10, 2022); *see also Hughes*, 914 F.3d at 951; *United States v. Poff*, 781 F. App'x 593, 594–95 (9th Cir. 2019).

The Government moves to collect $1,111.04 of the $1,253.69 from the Defendant's inmate trust account. Filing No. 43. The Government argues that the Defendant trust account contains "substantial funds" and therefore, under § 3664, the Government should

---

[2] Property exempt from enforcement is (1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986;" (2) "section 3014 of chapter 176 of title 28;" and (3) "the provision of section 303 of the Consumer Credit Protection Act." 18 U.S.C. § 3613(a)(1)–(3).

be able to apply these funds to his outstanding restitution balance of $1,111.04. Filing No. 43.

Upon a BOP report regarding the Defendants trust account funds, none of the money came from wages of any kind. The last two deposits totaling $1,200.00 are from his mother. Filing No. 43-1. Therefore, the funds in Defendant's BOP trust account are treated as a lien, subject to collection by the Court to put towards his restitution balance.

b. *The Court's Restitution Power*

"The court has substantial discretion in determining how restitution is to be paid." *United States v. Gray*, 175 F.3d 617, 618 (8th Cir. 1999) (per curiam). The MVRA details that the court shall set the length of time over which schedule payments will be made. *United States v. McGlothlin*, 249 F.3d 783, 785 (8th Cir. 2001) (quotations omitted). Additionally, it is up to the court to determine the manner and schedule in which the defendant must pay restitution, while considering the defendant's financial resources, projected earnings, and financial obligations. 18 U.S.C. § 3664(f)(2) ("Upon determination of the amount of restitution owed to each victim, the court shall, pursuant to section 3572, specify in the restitution order" how the restitution is paid); *see* 18 U.S.C. § 3572. The court can adjust a restitution order upon receipt that the defendant experiences a material change in their economic circumstances—which the court can raise on its own motion to adjust the payment schedule or require payment in full as the interest of justice requires. 18 U.S.C. § 3664(k). The economic stimulus payment constitutes a material change in defendant's economic circumstances that might affect his or her ability to pay restitution. *Id.*; *United States v. Custer*, No. 115CR00033HABSLC, 2021 WL 4786215, at *2 (N.D. Ind. Oct. 13, 2021); *Davis*, 2021 WL 2678765, at *1 (the

influx of the stimulus funds represented a material change in economic circumstances pursuant to § 3664(k)). The interests of justice require "the proper view of what is fair and right in a matter in which the decision-maker has been granted discretion." *Interests of Justice*, BLACK'S LAW DICTIONARY (11th ed. 2019).

The Government believes it to be "reasonable and appropriate" to take $1,111.04 from the Defendant's trust account and leave him with a $142.65 balance. Filing No. 43. Furthermore, the Government's requested amount would pay off the Defendant's remaining criminal assessment balance. *Id.* Upon receiving notice of the motion for authorization to make payment from his trust account, the Defendant did not respond to any of the Government's assertions

The Court acknowledges that while the Defendant's account balance stems not from prison wages, but rather deposits from his mother, it would be unfair to allow the Government to take the full restitution balance of $1,111.04. Thus, the Court believes it is acceptable for the Defendant to keep $698.17 and allow the Government to take $555.52. This remaining balance would allow the Defendant to pay for necessities upon release. Additionally, while the amount is less than what the Government requested, it still puts the Defendant is a good position to complete paying off his restitution balance. *See United States v. Grant*, 715 F.3d 552, 558 (4th Cir. 2013) (detailing Congress's intent behind § 3664 was to ensure there were reasonable and consistent procedures for defendants to make their restitution payments).

The statutory scheme of 18 U.S.C. § 3664 supports allowing the defendant to retain more than a mere $142.65 and requires a more reasonable payment towards restitution debt. Courts must follow § 3664 and § 3572 when implementing restitution

and fines resulting from criminal convictions. Both statutes require the court to analyze multiple factors when determining how defendants will pay their restitution. *United States v. Martinez*, 812 F.3d 1200, 1205 (10th Cir. 2015); *see also* 18 U.S.C. §§ 3572, 3664. The statutory scheme requires courts to measure a defendant's ability to pay his or her restitution before ordering the manner in which they will pay. 18 U.S.C. § 3664(f)(2)(A)–(C). The statutory scheme does not provide the government with this power, so the government cannot "usurp the district court's role in evaluating the defendant's financial conditions and setting [a] payment schedule." *Martinez*, 812 F.3d at 1206 (citing *United States v. Prouty*, 303 F.3d 1249, 1254–55 (11th Cir. 2002)).

This Court set the defendant's restitution schedule of payments to begin *after* his release from prison after assessing the factors laid out in 18 U.S.C. § 3664(a). Based on Defendant's remaining restitution balance, the Court will not change his restitution schedule. The Government is hereby authorized to take $555.52 from the Defendant's inmate trust account and apply it to the Defendant's ordered restitution.

ACCORDINGLY, for the reasons stated herein, Government's motion for authorization to make payment from inmate trust account, Filing No. 43, is granted in part and denied in part.

Dated this 1st day of August, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge